**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Christopher B.T. Aden,

      Plaintiff,

      v.

Gemini Solar LLC, *et al.*,

      Defendants.

Case No. 2:25-cv-1076

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Christopher B.T. Aden ("Plaintiff") moves for attorney's fees and costs, ECF No. 15, and reconsideration of the Court's Opinion and Order on prejudgment interest, ECF No. 16. Gemini Solar LLC and Robert C. Holland ("Defendants") have not responded to either motion, and the time to do so has passed. For the following reasons, the motion is **GRANTED**.

### I.    MOTION FOR ATTORNEY'S FEES AND COSTS

In its January 2026 Opinion and Order, ECF No. 13, the Court denied without prejudice Plaintiff's motion for attorney's fees, explaining that Plaintiff failed to show his entitlement to attorney's fees and failed to "provide the attorney(s) that worked on this matter, the hourly rate for each attorney, the time spent by each attorney, or billing records to support his motion." *Id.* at PAGEID ## 73–74.

Plaintiff now moves for $16,607.50 in attorney's fees and costs.[1] ECF No. 15. In support, Plaintiff includes affidavits from Plaintiff and Attorney Zachary Swisher, as well as the billing records for Attorneys Gregory Peterson and Christopher Sumi and their paralegal Catherine Schwartz of Peterson Law, LLP. ECF Nos. 15-1, 15-2, 15-3.

A district court has substantial discretion when determining the reasonableness of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "In determining what is reasonable, the general approach is to first determine the lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate," and there is "a strong presumption that the lodestar represents the reasonable fee." *Johnson v. Kestrel Eng'g, Inc.*, No. 2:15-CV-2575, 2016 WL 7655249, at *2 (S.D. Ohio Sept. 22, 2016) (citation modified).

According to the itemized billing statements, Attorneys Peterson and Sumi had an hourly rate of $425,[2] and their paralegal, Ms. Schwartz, had an hourly rate of $150. ECF No. 15-3. Plaintiff supports the motion with a declaration from Attorney Swisher, who avers that the hourly rates and time spent on this action

---

[1] Though Plaintiff moves for "$16,607.50 in attorney's fees[,]" a cursory review of the itemized billing statement attached to his motion reveals that he paid $15,957.50 in attorney's fees and $650 in costs (court filing fees of $400 and merchant processing fees of $250). ECF No. 15-3.

[2] One entry billed Plaintiff for Attorney Peterson's services at $375 in error. ECF No. 15-3 at PAGEID # 92. Plaintiff represents that he paid the $375 rate for 0.6 hours of work. ECF No. 15 at PAGEID # 77 fn 1. So, the Court will adjust the final attorney's fees award accordingly.

are typical for attorneys with similar experience in this market.  Swisher Aff. ¶ 18, ECF No. 15-2.

The Court agrees.  In determining the reasonable rate for this market, the Court considers the Ohio State Bar Association's 2019 Survey on Economics of Law Practice Study (the "OSBA Survey"), along with Mr. Swisher's affidavit.[3] *See Equity Res., Inc. v. T2 Fin., LLC*, 2:21-CV-5922, 2025 WL 699462, at *4 (S.D. Ohio Mar. 5, 2025) ("The [OSBA Survey] provides a useful point of reference, especially when adjusted for inflation." (citation modified)); *see also Regenold v. Ohio State Bd. of Educ.*, No. 2:21-cv-1916, 2023 U.S. Dist. LEXIS 122140, at *5–6 (S.D. Ohio July 14, 2023) (applying 4% increase to the OSBA Survey's fees to adjust for inflation).  The OSBA Survey provides that, in 2019, the median hourly billing rate among corporate/business law attorneys was $250, and the 95th percentile hourly rate was $600.  OSBA Survey at 45.  Likewise, the Court relies on the OSBA Survey's median rates for firms with 7 to 10 attorneys ($240), in suburban Columbus ($250), and lawyers with 26 to 35 years of experience ($250) to determine the reasonable rate.  *Id*. at 44.  Adjusting for inflation at four percent annually from 2019 to 2026, the median rate for

---

[3]The Ohio State Bar Association, *The Economics of Law Practice in Ohio in 2019*, https://www.ohiobar.org/membership/Practice-Management-Tools-Services/economics-of-law-practice-study/ (last visited Apr. 7, 2026).

corporate/business law attorneys is $340.39 and the 95th percentile rate is $816.[4]

Given the OSBA Survey and other fee awards in this District, the Court concludes that a rate of $425 is appropriate for Attorneys Peterson and Sumi. *See Swickheimer v. Best Courier, Inc.*, No. 2:19-cv-3706, 2021 WL 6033682, at *4 (S.D. Ohio Dec. 21, 2021) (finding that an hourly rate of $400 was appropriate for an attorney with thirty-six years' experience at a law firm with 3 to 6 lawyers in Columbus). Thus, Attorney Peterson and Sumi's rates are approved. As for Ms. Schwartz, the Court finds that her hourly rate of $150 is reasonable.

In addition, the Court finds the number of hours worked, 40.4,[5] is reasonable. Plaintiff's motion is supported by an itemized billing statement. ECF No. 15-3. In reviewing the statement, the Court finds that there is no evidence of duplicative, unnecessary, or overly prolonged work. And the documentation is "of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Richard v. Caliber Home Loans, Inc.*, 832 F. App'x 940, 947 (6th Cir. 2020) (citation modified). Thus, the number of hours billed is reasonable.

---

[4] The OSBA Survey's median and 95th percentile adjusted rates were calculated using https://www.calculator.net/inflationcalculator.html?cstartingamount2=495&cinrate2=4&cinyear2=6&calctype=2&x=Calculate#forward (last visited Apr. 7, 2026).
[5] According to the itemized billing statement, Attorney Peterson billed 27.5 hours at $425 and .6 hours at $375, Attorney Sumi billed 8 hours, and Ms. Schwartz billed 4.3 hours. ECF No. 15-3.

Accordingly, Plaintiff's motion for attorney's fees and costs is **GRANTED**. Plaintiff is entitled to an attorney's fees award of $15,957.50 and $650 in costs.

## II.    MOTION FOR RECONSIDERATION

Under Federal Rule of Civil Procedure 60(a),[6] "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.  The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a).  "Motions for reconsideration are not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Stratesphere LLC v. Kognetics Inc.*, No. 2:20-cv-2972, 2023 WL 3852723, at *1 (S.D. Ohio May 5, 2023) (citation modified).

Plaintiff moves for reconsideration of the Court's January 2026 Opinion and Order, ECF No. 13.  ECF No. 16.  Plaintiff contends that the Court omitted a prejudgment interest award for Plaintiff when it entered default judgment against Defendants and that Plaintiff is entitled to such interest. *Id.*  The Court agrees. In addition to seeking a return of his initial investment and loans, treble damages, and attorney's fees when he moved for default judgment, Plaintiff also sought prejudgment interest. *Compare* ECF No. 12 at PAGEID # 53 ("Plaintiff is seeking return of his initial $200,000 investment as well as the loans to the Defendants made by Plaintiff that remain unpaid, $47,728.34.  As Plaintiff complied with ORC

---

[6] Though Plaintiff moves pursuant to Rule 59(e), ECF No. 16 at PAGEID # 96, the Court finds that the motion is more appropriately considered under Rule 60(a).

Section 2307.61(A)(2), Plaintiff is entitled to treble damages for the amount wrongfully obtained, or $743,185.02 plus attorney fees."), *with id.* at PAGEID # 52 ("The damages Plaintiff seeks total approximately $247,728.34 for the initial investment and subsequent unpaid loans (excluding prejudgment interest) and legal fees . . . ."). The Court's failure to include the prejudgment interest in the Opinion and Order granting default judgment was a result of mere oversight. *See* Fed. R. Civ. P. 60(a). Accordingly, Plaintiff's motion for reconsideration is **GRANTED**.

### A.      Prejudgment Interest

Plaintiff requests prejudgment interest on the $200,000 paid to Defendant on June 5, 2023, at the maximum rate allowed for 2023, 2024, 2025, and 2026 under Ohio Revised Code § 5703.47; an award of $38,800. ECF No. 16 at PAGEID # 99. "In diversity cases, federal law controls post-judgment interest but state law governs awards of prejudgment interest." *Northstar Recycling Co., Inc. v. JT Enviro, LLC*, No. 2:24-cv-1936, 2024 WL 4471077, at *3 (S.D. Ohio Oct. 11, 2024) (citation modified). Under Ohio law, a party that obtains judgment on a contract claim may also receive prejudgment interest. *Id.* (citing Ohio Rev. Code § 1343.03(A)) (additional citation omitted).

Because the Court entered default judgment against Defendants on Plaintiff's breach of contract claim, ECF No. 13, prejudgment interest is appropriate here. Defendants are responsible for prejudgment interest at the applicable statutory rate per year on the $200,000 damages award accruing from

June 5, 2023, until the date judgment was entered, January 28, 2026.  ECF No. 14.  Thus, Plaintiff is entitled to $38,800 in prejudgment interest.

### III.    CONCLUSION

For these reasons, Plaintiff's motions, ECF Nos. 15 and 16, are **GRANTED**.  Plaintiff is **AWARDED** $16,607.50 in attorney's fees and costs plus $38,800 in prejudgment interest.

The Clerk shall terminate ECF Nos. 15 and 16.  The Clerk is **DIRECTED** to **AMEND** the judgment entered for Plaintiff and against Defendants consistent with this Opinion and Order.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**